*H. Cooper*, for the plaintiff.

---

## LINDLEY *v.* DOWNING.

When a factor receives goods for sale on commission, he undertakes to account for those he may sell, and pay over the proceeds and to re-deliver the residue on demand.

If he make a wrong use of the goods he may be sued in special assumpsit on his promise to perform his duty, or in case for his non-performance of that duty.

If there has been a tortious conversion of the goods, or a refusal to deliver them on demand, when they might have been delivered, trover will lie.

A factor will not be liable to a suit for goods sold and delivered in consequence merely of an unauthorized disposition of the goods.

A suit on contract cannot be sustained by proof of a different contract from that described in the declaration.

In a suit for goods sold and delivered, evidence that the defendant received the goods to sell, as the plaintiff's agent, and had sold them and received the price is inadmissible.

ERROR to the *Vigo* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit brought by *Downing* against *Lindley* and *Russell*. The process was served on *Lindley*, and returned " not found" as to *Russell*.

The declaration contains two counts. The first count states that the plaintiff, on, &c., at, &c., delivered to the defendants, as partners and commission-merchants, a certain quantity of lumber, &c., to be sold for the plaintiff's

use; that the defendants promised the plaintiff to sell the lumber for him, and pay over to him the proceeds of the sale on demand; that the defendants sold the lumber for the sum of, &c.; but that though they were on, &c., at, &c., requested to pay, &c., they had refused to do so.

The second count is for goods sold and delivered and money had and received.

The defendant, *Lindley*, pleaded the general issue.

Verdict for the plaintiff; motion for a new trial overruled; and judgment on the verdict.

The transcript contains all the evidence given in the cause.

The Court, on the trial, instructed the jury as follows:

" That if the defendants had received the lumber in question as factors, and had put the same into the hands of other merchants for sale without the assent of the plaintiff, the defendants were liable in this action as for goods sold and delivered for so doing; and that they were liable for such sum as the lumber afterwards sold for by the merchants in whose hands it was placed, and also interest upon that sum after the demand."

That instruction was excepted to by the defendant; and we think it ought not to have been given.

The instruction was not applicable to the case, as there was no evidence whatever that the defendants delivered the lumber to any other person for sale. The evidence indeed was, that the plaintiff himself delivered the lumber to other merchants, namely, to *Roper* and *Smith*, with orders to sell the same for him, and deliver over the proceeds to the defendants as his, the plaintiff's, agents.

But were the instruction relevant, it would still be objectionable. Where a factor receives goods for sale on commission, he undertakes to account for those he may sell and pay over the proceeds, and to re-deliver the residue on demand. If he make a wrong use of the goods, he may be sued in special assumpsit on his promise to perform his duty, or in case on tort for the non-performance of that duty. If there have been a tortious conversion of the goods, or a refusal to deliver them on demand

Nov. Term, when they might have been delivered, trover will lie.
1850.     Russell on Factors, 270, 271.   But, in no event, can such
HEASTON    factor be liable, in consequence merely of an unauthor-
v.
THE BOARD OF ized disposition of the goods, to a suit for goods sold and
COMMISSION-
ERS OF RAN- delivered.   A suit on contract cannot be sustained by
DOLPH      proof of a different contract from that described in the
COUNTY.
declaration.   It has been decided that, in a suit for goods
sold and delivered, evidence that the defendant received
the goods to sell as the plaintiff's agent, and that the de-
fendant had sold them and received the price, was inad-
missible.   *Holland* v. *Hopkins*, 2 Bos. & Pull. 243.   The
same doctrine is recognized in *Miller* v. *Newman*, 4 Mann.
& Grang. 646.   In the case supposed by the Court, there-
fore, the defendants would not be liable as for goods sold
and delivered.

We have examined the evidence, and are of opinion it
does not sustain the verdict.

*Per Curiam.*—The judgment is reversed and the ver-
dict set aside with costs.   Cause remanded for another
trial.   Costs here.

*J. P. Usher* and *W. D. Griswold*, for the plaintiff.
*R. W. Thompson*, for the defendant.